IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ATLANTICA K. TANUVASA, FED. REG. #99306-022,<br><br>           Petitioner,<br><br>   vs.<br><br>UNITED STATES OF AMERICA,<br><br>           Respondent. | CIV. NO. 14-378 SOM-RLP<br><br>ORDER DISMISSING PETITION AND DENYING MOTION FOR APPOINTMENT OF COUNSEL AND CERTIFICATE OF APPEALABILITY |

## ORDER DISMISSING PETITION AND DENYING MOTION FOR APPOINTMENT OF COUNSEL AND CERTIFICATE OF APPEALABILITY

Before the court is Petitioner Atlantica K. Tanuvasa's document, titled "Defendants [sic] Motion of Reconsideration To Change Method by Which Balance Of Sentence is Served," in which she seeks early release from prison into home detention. Doc. No. 1. Tanuvasa is a federal prisoner housed at the Federal Correctional Complex, located in Adelanto, California. Although Tanuvasa refers to this Motion as brought pursuant to 28 U.S.C. § 2255, "petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to [28 U.S.C.] § 2241 in the custodial court." *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000); 28 U.S.C. § 2241(d); *Braden v. 30th Judicial Circuit*, 410 U.S. 484, 495-500 (1973); *Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir. 1989) (district of

confinement best forum to review execution of sentence).

Tanuvasa may not file this petition as a motion to vacate, set aside, or correct her sentence in her criminal case. Rather, she must initiate a wholly new civil action independent from her criminal case. Further, a petition brought under § 2241 must name the prisoner's custodian as the respondent. *See Johnson v. Reilly,* 349 F.3d 1149, 1153 (9th Cir. 2003). The warden of the penitentiary or correctional facility where the prisoner is confined constitutes the "custodian" who must be named in such an action, and the petition must be filed in the district of confinement. *Id.; Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004).

Tanuvasa is confined at the federal prison camp in Adelanto, California, which is located in San Bernadino County. San Bernadino County is located within the Central District of California. Tanuvasa must file her petition under 28 U.S.C. § 2241 in the United States District Court for the District of California. This court does not have personal jurisdiction over Tanuvasa's custodian to order her release to home custody. *See Padilla*, 542 U.S. at 442.

The Petition is DISMISSED without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United

States District Courts.[1]  Tanuvasa's Motion for Appointment of Counsel is DENIED.  Reasonable jurists would not find this assessment debatable or wrong, and a certificate of appealability is DENIED.  See *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 27, 2014.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

*Tanuvasa v. United States*, Civ. No. 14-00378 SOM-RLP; psa/hab/2014/2241 Tanuvasa; J:\Denise's Draft Orders\SOM\Tanuvasa 14-378 som (2241, home release).wpd

---

[1] Rule 4 applies to petitions brought under § 2241. *See e.g.*, *Castillo v. Pratt*, 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001); *United States v. Recinos-Gallegos*, 151 F. Supp. 2d 659 (D. Md. 2001) (dismissing petition construed as falling under § 2241 pursuant to Rule 4); *Ukawabutu v. Morton*, 997 F. Supp. 605, 608 n.2 (D.N.J. 1998).